## CHARLES E. SMITH *vs.* CHARLES J. McCORMICK ET AL.

*Jurisdiction of Courts as to Registration of Voters.*

The jurisdiction of the Courts in questions relating to the registration of voters, under Code, Art. 33, sec. 24, is only appellate and arises when an appeal is taken from the action of officers of registration upon objections made before them. Consequently a Court has no jurisdiction to pass upon a petition alleging that a certain person, registered as a voter, was not qualified as such and asking that his name be stricken from the registry, when the name had never been put upon the suspected list, and no action in the premises had been taken by the Board of Registers, upon objection made to them.

*Decided February 16th, 1907.*

Appeal from the Court of Common Pleas (PHELPS, J.)

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER and BURKE, JJ.

*Lewis Putzel* and *Wm. M. Kerr*, for the appellant.

*James P. Gorter*, for the appellees.

BURKE, J., delivered the opinion of the Court.

This case is brought before us on an appeal from an order of the Court of Common Pleas, dismissing a petition of the appellant filed in that Court asking that the name of Thomas Carney be stricken from the list of qualified voters of the Third Election Precinct of the First Ward of Baltimore City.

The petition was filed by Charles E. Smith, the appellant, and stated that he is a qualified voter of the city of Baltimore, and that he believes, and, therefore, charges, that Thomas Carney, who professes to reside at 318 S. Duncan street, and who was registered as a qualified voter in the Third Election Precinct of the First Ward on the 25th day of September, 1906, and whose name is now on the Registries of Voters of said election precinct, is not a qualified voter entitled to register in said election precinct, and that his name was improperly entered on the registries of voters in said election precinct. Wherefore feeling himself aggrieved by the action of said board of registry, he prays the Court that the name of said Thomas Carney may be stricken from the registries of said election precinct. The evidence shows, that on the 25th day of September, 1906, Carney applied to the Registers of the Third Precinct of that ward to be registered, and that he was by them registered as a qualified voter. It further shows that Carney was never put upon the suspected list, and that his right to register was never brought to the attention of the Board of Registry after his registration, and that no action of any kind was taken by said board as to the name of Thomas Carney after he was placed upon the list of qualified voters of said precinct.

One question only is presented for decision on this appeal, and it is this: Had the Court of Common Pleas jurisdiction to hear the case under the allegations of the petition and the facts adduced in evidence? The contention of the appellant is, that it had the jurisdiction under *Section 24, Article 33, Code 1904,* under which the petition was filed. But it has never been held by any Court in the State that that section conferred upon the Courts original jurisdiction in matters re-

lating to registration.  On the contrary, the Courts have been uniform in holding, that their jurisdiction in such matters was appellate, and not original, and that unless there was some action taken by the officers of registration upon objections properly before them as to the registration of a disqualified person the Court was without power to review or correct any error committed by those officers.  But the identical question which this appeal presents was under consideration by this Court in the recent cases of *Collier* v. *Carter*, 100 Md. 382, and *Wilson* v. *Carter*, 103 Md. 120, in both of which the position for which the appellant contends was denied by this Court.  The opinions in those cases, which were written by JUDGE JONES, contained a full and careful review of the provisions of the law relating to appeals from the action of Boards of Registry, and as the principles announced in those cases definitely settle the law of this case adversely to the contention of the appellant, the order appealed from, without further discussion, will be affirmed.

*Order affirmed with costs.*