## JOHN J. HANSON
### *vs.*
## HARRY J. DALY, ET AL.

*Election laws: registration; appeals to courts; jurisdiction.*

The jurisdiction conferred on the courts by Section 25 of Article 33 of the Code of 1912, to review the actions of registration officials, is not original, but appellate.          p. 289

The courts have no authority to review or correct errors made by such officials, unless there be properly brought before them some objection as to the registration of a disqualified person.

p. 289

*Decided November 3rd, 1916.*

Appeal from the Baltimore City Court. (GORTER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Enos S. Stockbridge,* for the appellant.

*John M. Requardt, Assistant Attorney General* (with whom was *Albert C. Ritchie, Attorney General,* on the brief), for the appellants.

BURKE, J., delivered the opinion of the Court.

John J. Hanson, a qualified voter of Baltimore City, filed a petition in the Baltimore City Court in which he prayed that the name of Harry J. Daly be stricken from the registries of voters of the First Precinct of the Fourteenth

Ward of Baltimore City. The ground upon which the application was made is that Harry J. Daly was not qualified to register as a legal voter, but that he was registered in said precinct on the fourteenth day of October, 1916, on one of the days provided for the registration of voters in Baltimore City. An answer was filed to the petition, and the case was heard by the Court upon the petition, answer, and an agreed statement of facts, wherein it appeared:

1. That Harry J. Daly on November 9th, 1915, made before the clerk of the Superior Court of Baltimore City, the declaration of his intent to become a citizen of the State of Maryland, provided for by section 29 of Article 33 of the Code of Public General Laws.

2. That said Harry J. Daly applied for registration in the First Precinct of the Fourteenth Ward of Baltimore City, wherein he had resided continuously for more than six months prior to November 7th, 1916, on Saturday, October 14th, 1916, and was duly registered by the registration officials of said precinct as a duly qualified voter therein.

3. That the name of said Harry J. Daly was not placed on the "suspected list," provided for by section 21 of said article, because said list was required to be sent out not later than Friday, October 13th, 1916.

The lower Court dismissed the petition, and the appeal before us was taken from that order.

Upon the facts stated, we are of opinion that the Court had no jurisdiction to hear and determine the question presented by the petition, and that its order dismissing the petition should be affirmed.

In *Smith* v. *McCormick,* 105 Md. 224, where a petition was filed to strike the name of Thomas Carney from the registries of voters of the Third Election Precinct of the First Ward of Baltimore City, we said: "The evidence shows that on the 25th day of September, 1906, Carney applied to the registers of the Third Precinct of that ward to be registered, and that he was by them registered as a qualified

voter. It further shows that Carney was never put upon the suspected list, and that his right to register was never brought to the attention of the Board of Registry after his registration, and that no action of any kind was taken by said board as to the name of Thomas Carney after he was placed upon the list of qualified voters of said precinct."

"One question only is presented for decision on this appeal, and it is this: Has the Court of Common Pleas jurisdiction to hear the case under the allegations of the petition and the facts adduced in evidence? The contention of the appellant is that it had the jurisdiction under section 24, Article 33, Code 1904 (now section 25, Article 33, Code 1912), under which the petition was filed. But it has never been held by any Court in the State that that section conferred upon the Court original jurisdiction in matters relating to registration. On the contrary, the Courts have been uniform in holding that the jurisdiction in such matters was appellate, and not original, and that unless there was some action taken by the officers of registration upon some objections properly before them as to the registration of a disqualified person the Court was without power to review or correct any error committed by those officers." This holding rested upon the cases of *Collier* v. *Carter,* 100 Md. 382, and *Wilson* v. *Carter,* 103 Md. 120. We are of the opinion that the construction given to the Statute in those cases is correct, and that no change in the rule therein declared ought to be or can be made by the Court under the existing law.

The fact that Daly was registered on an additional registration day provided by the Act of 1910, Chapter 322, p. 111, which made no provision for a suspect list, can not aid the appellant's case. Some further legislation is necessary to change or broaden the rules declared in the cases referred to if that be considered desirable.

*Order affirmed, with costs to the appellee.*